NUMBER 13-99-794-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ESTATE OF ANNE MARIE GLENN, DECEASED


___________________________________________________________________


On appeal from the County Court at Law No. 3


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy


 This is an appeal from the trial court's granting of two motions for
summary judgment, one in favor of each appellee herein. Appellant is
the named beneficiary in a life insurance policy in the amount of
$300,000. The policy was assigned to Mercantile Bank ("the Bank") to
secure payment of loans made to AMGMD, a Texas Limited
Partnership, of which Anne Marie Glenn was the owner. The loans
were for $100,000 and $200,000. Wells Fargo is the successor to
Mercantile Bank. Upon the death of Anne Marie Glenn, an independent
administration was established on her estate and Kathlene White
(hereinafter "White" or "executrix") was named independent executrix.

 Appellant filed what is entitled "claim" against the estate on
August 18, 1997 claiming an interest in the life insurance proceeds. On
August 21, 1997, this claim was rejected by the executrix in writing. 
On July 13, 1998, appellant filed a pleading entitled "petition to marshal
assets" against appellee Bank.(2) On July 14, 1998, the executrix filed,
in another court, a petition for declaratory judgment naming appellant,
the Bank, and the insurance company as respondents in order to
determine the rights of appellant as a named beneficiary in the policy as
against the rights of appellee Bank because of the assignment to it by
the deceased. This suit was consolidated with the petition to marshal
assets. The insurer, Security Connecticut Life Insurance Company,
makes no claim to the assets herein and has tendered them into the
registry of the court. On October 11, 1999, the executrix filed a motion
for summary judgment against appellant based upon his failure to file
suit within ninety days of the rejection of his claim as allegedly required
by section 313 of the Texas Probate Code.

 In ruling on a summary judgment, we will affirm if the trial court
correctly granted it for any reason. Weiner v. Wasson, 900 S.W.2d 316,
317 (Tex. 1995). We assume that all evidence favorable to the non-movant is true. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985).

 On appeal the parties are positioned as follows: Appellee White
is defending a summary judgment granted to her based upon appellant
having instituted no suit upon his claim for ninety days after it was
rejected by her. Appellee Bank is defending a summary judgment
granted to it in a suit by appellant seeking to marshal the assets of the
estate involved herein. Its position is that it was entitled to the
proceeds because the policy was pledged by decedent during her
lifetime to secure the payment of loans in an amount equal to the value
of the policy, which loans are unpaid. It further alleges that the
decedent waived marshaling of assets, among other contractual
obligations entered into by her to secure the loan made to her by the
Bank. We consider and adjudicate the rights of the parties separately.

SUMMARY JUDGMENT OF APPELLEE BANK


 Appellant raises the following issues regarding the trial court's
granting a motion for summary judgment to the Bank:

 6. The trial court erred in granting the Bank's motion
for summary judgment.


 7. The court erred in not allowing Glenn the benefit
of the doctrine of marshaling of assets.


 8. The court erred in granting a motion for summary
judgment to the Bank where there are issues of
waiver, laches, and principles of equity to be
considered.


 9. The court erred in giving effect to the inter vivos
agreements between Anne Marie Glenn, the
borrower, and the Bank regarding the doctrine of
marshaling of assets because the appellant,
William B. Glenn, was not a party to such
agreements and not bound thereby.


 10. The trial court erred in denying Glenn a right to a
trial on issues as to whether the Bank had waived
any right to resist the doctrine of marshaling of
assets where it had allowed cash on hand to be
used by the estate that could have been used to
reduce its debt and reduce the claim that it was
asserting against the policy.


 11. The court erred in giving effect to agreements by
the deceased and the Bank that the court could
not apply equity in favor of William B. Glenn.


 12. The court erred in binding Glenn to agreements
that he was not a party to regarding the legal and
equitable remedies available to him in the courts.


 An assignee or pledgee of a policy has a right to the proceeds of
the policy superior to that of a beneficiary. McAllen State Bank v. Texas
Bank & Trust Co., 433 S.W.2d 167, 170-71 (Tex. 1968).

 Appellant argues that the trial court erred in denying him the
benefit of the marshaling of assets. In reply, the Bank refers us to the
loan documents executed by the decedent in favor of the Bank, which
the trial court considered. Included among these documents is an
agreement by decedent which expressly waives marshaling of assets.

 Appellant argues further, as stated in his brief:

 [Appellant] is not contesting the bank's claims except that
[it] is entitled to resort to the policy benefits before resorting
to other assets. The bank's motion for summary judgment
recites a complete history of the loan transaction and the
documents and instruments that were signed and entered
into between Anne Marie Glenn and the bank are not
questioned.


 What is questioned is "can a bank and a lender
disenfranchise a court from exercising its fundamental right
to apply law and equity to fact situations before it?"


Later in his brief, appellant states: "Glenn is not contesting the bank's
position, but only the order in which the bank should be allowed to
collect its debt."

 Appellant states his position and his argument in another way in
his brief, as follows:

 It has been a terrible miscarriage of justice in this case for
the court to grant a motion for summary judgment treating
the documents that the bank had required the borrower to
sign in order to loan the money as destroying any
opportunity to reach for equitable remedies and apparently
leaving the estate unhampered to go about its business
while the bank delays collecting its debt, increases the
interest it draws off of loans, makes claims for attorneys fees
because of the fight that is brought about that is its own
questionable delay.


 We do not find appellant's references to equity and laches to be
persuasive. The Bank had a legal right to use the proceeds of the
insurance policy to pay the debt decedent owed to it. It has chosen to
do so. We deny the relief sought by appellant in issues six, seven,
eight, ten, and eleven. 

 The parties to the loan were under no obligation to consult
appellant with regard to the matters referred to in issues nine and
twelve. We hold that the insurance policies belonged to decedent
during her lifetime and she could do anything she wanted to with them. 
Appellant had no standing with regard to the policies during decedent's
lifetime. The parties to the loan were under no obligation to consult
appellant with regard to the matters referred to in issues nine and
twelve. We deny the relief sought by issues nine and twelve and
AFFIRM the judgment of the trial court in granting summary judgment
to appellee, Wells Fargo Bank.

 SUMMARY JUDGMENT OF INDEPENDENT EXECUTRIX

 Appellant's issues with regard to appellee White are:

 1. The trial court erred in granting the estate's
motion for summary judgment that Glenn was
barred for not filing suit within ninety days after
the independent executor denied his alleged
claim.


 2. The court erred in applying section 313 to the
notice Glenn gave to the independent executor
that if any of the policy proceeds were used to
pay the estate's debts, that he would be entitled
[to] subrogation.


 3. The court erred in considering the notice filed by
Glenn (p. 4) claiming a subrogation right as a
claim since there were no amounts stated. No
money out of the policy proceeds had been used
to pay any debts of the estate.


 4. The trial court erred in applying section 313 to an
independent administration.


 5. The court erred in classifying a notice by Glenn as
a claim when there was no amount stated and no
claim had matured.


 The position of the executrix of the estate, both when denying
appellant's claim under the policy, and now, in this appeal, is that
appellant has no ground for recovery herein because he did not file suit
on his claim within 90 days of the rejection of the claim as required by
section 313 of the Probate Code. Section 313 of the Probate Code
states (in pertinent part):

 When a claim or a part thereof has been rejected by the
representative, the claimant shall institute suit thereon in the
court of original probate jurisdiction in which the estate is
pending or in any other court of proper jurisdiction within
ninety days after such rejection or the claim shall be barred.


Tex. Probate Code Ann. § 313 (Vernon 2001). Section 3(aa) of the
Probate Code states (in pertinent part): "Personal representative" or
"representative" includes executor, independent executor, . . . . " Tex.
Probate Code Ann. § 3(aa) (Vernon 2001).

 Appellant maintains that section 313 does not apply here because
the estate herein is in independent administration. He cites Bunting v.
Pearson, 430 S.W.2d 470, 472 (Tex. 1968) in support of this position. 
The court in Bunting said:

 It therefore, becomes otherwise apparent that these sections
[309, 310 & 313] are not applicable to an "independent
executor", because to apply them would be inconsistent
with the provisions of Section 145 of the Probate Code; the
general purpose of which is to free the "independent
executor" from the control of the court, except where the
Code specifically and explicitly provides otherwise. 


Id. at 473 (emphasis in original).

 Appellee White argues, in the following words, that Bunting is
distinguishable:

 Bunting involved the applicability of Texas Probate Code,
section 310, which provides that, if a representative of any
estate does not timely allow or reject the claim, the claim is
rejected. In Bunting, the independent executor failed to
endorse or annex a memorandum and 310 was applicable. 
In the instant case, however, the independent executor did
reject the claim as required by section 313. As a result, in
the instant case, there is no need to resort to a consideration
of Texas Probate Code, section 310 because there was an
actual, proper rejection of the claim by White, in accordance
with section 313.


 We are not persuaded by this argument in the face of the clear
language in Bunting that "these sections [including 313] are not
applicable to an independent executor." It is the application of section
313 which appellee seeks in order to claim failure of appellant to file suit
within ninety days.

 We hold that it was error for the trial court to grant summary
judgment to appellee White and reverse and remand that portion of the
appeal for further disposition in the trial court consistent herewith.

 NOAH KENNEDY

 Retired Justice


Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 19th day of April, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. Summary judgment was granted to appellee, Bank in this suit.